972 F.2d 356
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Floyd R. HARDESTY, Plaintiff-Appellee,
v.
Karrie DULIN, Defendant-Appellant.
Karrie DULIN, Plaintiff-Appellant,
v.
Floyd Roger HARDESTY; Hardesty Company, Inc.; Hardesty
Realty Corp., Defendants-Appellees.
Karrie DULIN, Plaintiff-Appellant,
v.
Roger HARDESTY, Defendant-Appellee.
 No. 91-5151.
 United States Court of Appeals, Tenth Circuit.
 Aug. 6, 1992.
 
 Before JOHN P. MOORE, BARRETT, and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 BRORBY, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Karrie Dulin brought suit in both state and federal court against Floyd Roger Hardesty and related corporate entities, asserting claims for civil rights violations under Title VII and a state tort claim. Hardesty, in a separate federal action, sought a declaratory judgment against Dulin. After the removal to federal court of Dulin's state action, these three cases were consolidated before the district court. Hardesty moved for summary judgment, contending that Dulin's federal and state claims were time-barred under the applicable state statutes of limitations. The district court agreed and granted summary judgment. Dulin appeals.
 
 
 3
 In her brief on appeal, Dulin raises a single issue, pertaining only to her state tort claim for intentional infliction of emotional distress. In this claim, Dulin alleged that Hardesty had sexual relations with her and that he "knew, or had reasonable cause to believe, that [Dulin] was, in fact, his daughter and fraudulently and deceitfully concealed the information from her." App. to Appellant's Br. at 1. Dulin further contended that this conduct constituted intentional infliction of emotional distress, resulting in damages. Id. at 2.
 
 
 4
 In response to Hardesty's summary judgment motion, Dulin alleged that Hardesty denied paternity and argued that such denial constituted fraudulent concealment, tolling the applicable statute of limitations. The district court held otherwise, stating: "The Court ... finds that the statute [of limitations] was not tolled by Floyd Roger Hardesty's denial of paternity.... The Court finds that the denial cannot be characterized as a fraudulent concealment of a cause of action...." Id. at 7. Dulin contends on appeal that the district court wrongly granted summary judgment to Hardesty in the face of a disputed factual question, namely, whether Hardesty's denial of paternity constituted fraudulent concealment.
 
 
 5
 We review the district court's grant of summary judgment de novo, applying the same standards used by that court. Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc., 912 F.2d 1238, 1241 (10th Cir.1990). "Summary judgment is appropriate when there is no genuine dispute over a material fact and the moving party is entitled to judgment as a matter of law." Russillo v. Scarborough, 935 F.2d 1167, 1170 (10th Cir.1991). Our jurisdiction arises from 28 U.S.C. § 1291; we affirm.
 
 
 6
 It appears that no facts are in dispute; both parties acknowledge that Hardesty denied paternity. The district court viewed this fact in light of the applicable state law and concluded, as a matter of law, that Hardesty's conduct did not constitute fraudulent concealment. Following our de novo review of the district court's order, the parties' briefs, and the record in this case, we conclude that the district court correctly decided this issue. Therefore, for substantially the same reasons contained in its Order dated September 5, 1991, the judgment of the United States District Court for the Northern District of Oklahoma is AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3